UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
************************************************************
ROBERT JUHASZ,                                             *
      Plaintiff                                            *
                                                           *
v.                                                         *
                                                           *
THE UNITED STATES OF AMERICA; THE REGENTS OF               *
THE UNIVERSITY OF CALIFORNIA, SCRIPPS INSTITUTE            *
OF OCEANOGRAPHY-UNIVERSITY OF CALIFORNIA                   *
SAN DIEGO; R/V ROGER REVELLE in Rem,                       *
      Defendants                                           *
************************************************************
```

## COMPLAINT

Plaintiff, ROBERT JUHASZ, complains against Defendants, and each of them, as follows:

## JURISDICTION/PARTIES

1. Plaintiff, ROBERT JUHASZ ("JUHASZ"), is a citizen and resident of the city of Petoskey, County of Emmet, in the State of Michigan, and, at all material times, was employed by SCRIPPS INSTITUTION OF OCEANOGRAPHY at the UNIVERSITY OF SAN DIEGO ("SCRIPPS-UCSD"), part of the REGENTS OF THE UNIVERSITY OF CALIFORNIA, ("THE REGENTS") as a member of the crew of the R/V ROGER REVELLE.

2. The REGENTS are the governing board of the University of California, organized and existing under the laws of the State of California, with its designated principal place of business in the city of Oakland, County of Alameda, in the State of California.

3. The R/V ROGER REVELLE is a research vessel, owned by the UNITED STATES NAVY, ("UNITED STATES") as part of the US Academic Research Fleet. The R/V

ROGER REVELLE is currently located in Woods Hole, Massachusetts, where she has been for the past five months.

4. The R/V ROGER REVELLE was at all material times herein, managed, crewed and operated pursuant to written contract between SCRIPPS-UCSD, THE REGENTS and the UNITED STATES. SCRIPPS-UCSD and THE REGENTS, in their capacity as Ship Manager and vessel operator, hired the crew, including Plaintiff JUHASZ as an Oiler in the engine department.

5. At all material times herein, Plaintiff JUHASZ was a seaman employed by SCRIPPS-UCSD and THE REGENTS as a member of the crew, with a substantial, permanent and long-standing connection to the R/V ROGER REVELLE, as well as the fleet operated and managed by SCRIPPS-UCSD.

6. On September 20, 2022, JUHASZ was seriously and permanently injured in the scope and course of his duties while doing heavy lifting without adequate assistance, without training, without adequate tools and equipment. JUHASZ was ordered to lift an excessively heavy pump and move it down a narrow catwalk as part of his duties aboard ship. During the course of this operation, JUHASZ suffered injuries to his arm, including a torn bicep requiring surgery to repair, among other injuries. JUHASZ'S injuries were proximately caused by the negligence of the UNITED STATES, and/or the negligence of SCRIPPS-UCSD and THE REGENTS, the operator and manager of the vessel, and the unseaworthiness of the vessel.

7. This admiralty and maritime claim is brought against the UNITED STATES under the Suits in Admiralty Act, 46 U.S.C. § 30901 and the Public Vessels Act, 46 U.S.C. § 31101, since the R/V ROGER REVELLE is owned by the UNITED STATES and operated by SCRIPPS-UCSD and THE REGENTS as part of the US Academic Research Fleet.

8. The UNITED STATES has waived sovereign immunity by virtue of the Public Vessels Act, 46 U.S.C. § 31101, and/or the Suits in Admiralty Act, 46 U.S.C. § 30901. This claim is also subject to the provisions of the Clarification Act, 50 U.S.C. § 1291(a), incorporating the provisions of the Suits in Admiralty Act.

9. VENUE is proper in this Court because the R/V ROGER REVELLE is located in Woods Hole, MA, within this District.

10. This is a claim for negligence under the Jones Act, 46 U.S.C. § 30104 et. seq., and/or in the alternate, the Ocean Research Vessels Act 46 U.S.C. § 50503 and for unseaworthiness and maintenance and cure under the general maritime law. Jurisdiction is based on 28 U.S.C. § 1331 (federal question) and pursuant to 28 U.S.C. Section 1333 (admiralty and maritime jurisdiction).

## BACKGROUND

11. Plaintiff, JUHASZ, was employed and hired in the capacity of oiler and member of the crew of the R/V ROGER REVELLE by the UNITED STATES, and/or by SCRIPPS-UCSD and/or THE REGENTS.

12. On September 20, 2022, JUHASZ was working in the course and scope of his duties as an oiler, when he was ordered to lift items that were excessively heavy and bulky. As a direct and proximate result of the negligence of THE REGENTS and the UNITED STATES and the unseaworthiness of the R/V ROGER REVELLE, JUHASZ required surgery, was unable to work for several months, has ongoing pain and weakness and can no longer do many activities.

13. JUHASZ has suffered past loss of earnings or earning capacity of including past lost wages, subsistence and benefits in an amount that has not been determined and is continuing daily.

14. JUHASZ will suffer future loss of earnings or earning capacity in an amount to be determined.

15. JUHASZ will suffer loss of income due to early retirement in an amount to be determined.

16. JUHASZ has suffered the loss of ability to maintain household, etc. in an amount that has not yet been determined.

17. JUHASZ will incur future medical bills.

18. As a proximate result of the negligence of THE REGENTS and the UNITED STATES and the unseaworthiness of the R/V ROGER REVELLE, JUHASZ suffered a disabling injury.

## FIRST CLAIM
### (Jones Act, 46 U.S.C. § 30104)

19. JUHASZ makes his claim pursuant to the Jones Act, Title 46 U.S.C. § 30104 et seq. At all times material herein, JUHASZ was employed by SCRIPPS-UCSD and/or THE REGENTS as a crewmember of the R/V ROGER REVELLE. THE REGENTS and the UNITED STATES owed a duty to JUHASZ to exercise reasonable care.

20. The UNITED STATES, by reason of the negligence of its agents, servants, employees, and the master of the vessel, and the negligence of SCRIPPS-UCSD and THE REGENTS, their agents, servants, employees, and the master of the vessel, was negligent in the following particulars, among others:

a. by ordering Plaintiff to lift excessively equipment;
b. by failing to provide adequate training and supervision;
c. by failing to provide enough crewmembers for the task;
d. by failing to provide adequate assistance for the task;
e. by failing to provide a reasonably safe place to work;
f. by failing to have proper and safe equipment for the task;
g. by failing to provide proper safety measures and to promulgate and/or enforce proper safety and operating rules;
h. failure to correct dangerous condition;
i. by failing to exercise reasonable care under the circumstances;
j. failure to take adequate precautions for safety;
k. by failing to provide a seaworthy vessel fit for its intended use; and
l. was negligent in such other particulars as shall be shown at a trial of this claim.

21. The negligence of the UNITED STATES and/or SCRIPPS-UCSD and/or the REGENTS was a direct and proximate cause of JUHASZ's injuries.

22. As a direct and proximate result of the negligence of the UNITED STATES, and/or SCRIPPS-UCSD and/or the REGENTS, JUHASZ suffered, and continues to suffer bodily injuries and permanent impairment and pain and suffering, past, present, and future, and has incurred medical expenses and lost wages, past, present and future, and impairment of earning capacity.

23. As a direct and proximate result of the negligence of the UNITED STATES, and/or SCRIPPS-UCSD and/or the REGENTS and the resulting bodily injuries, pain and suffering, medical expenses, lost wages, and impairment of earning capacity of JUHASZ, JUHASZ is entitled to recover damages from the UNITED STATES and/or SCRIPPS-UCSD and/or the REGENTS in a sum to be determined, inclusive of interest and costs.

### SECOND CLAIM
### (Unseaworthiness under the General Maritime Law)

24. The UNITED STATES and/or SCRIPPS-UCSD and/or the REGENTS as operator, charter, and/or owner of the R/V ROGER REVELLE, and through SCRIPPS-UCSD

and/or THE REGENTS, manager and operator of the vessel, owed a duty to JUHASZ to provide him a vessel that was in all respects seaworthy, staunch and fit for her intended purpose.

25. The R/V ROGER REVELLE was unseaworthy in that, among other things, the vessel was not properly equipped and manned, not properly supervised, and failed to provide a safe work area for the crew in the following particulars, among others:

   a. by ordering Plaintiff to lift excessively heavy equipment;
   b. by failing to provide adequate training;
   c. by failing to provide enough crewmembers for the task;
   d. by failing to provide adequate assistance for the task;
   e. by failing to provide a reasonably safe place to work;
   f. by failing to have proper and safe equipment;
   g. by failing to provide proper safety measures and to promulgate and/or enforce proper safety and operating rules;
   h. failure to correct dangerous condition;
   i. by failing to exercise reasonable care under the circumstances;
   j. failure to take adequate precautions for safety;
   k. by failing to provide a seaworthy vessel fit for its intended use; and
   l. was unseaworthy in such other particulars as shall be shown at a trial of this claim by failing to provide a reasonably safe place to work;

26. The unseaworthiness of the R/V ROGER REVELLE was a direct and proximate cause of JUHASZ's injuries.

27. As a direct and proximate result of the unseaworthiness of the R/V ROGER REVELLE, JUHASZ suffered, and continues to suffer, bodily injuries and permanent impairment and pain and suffering, past, present, and future, and has incurred medical expenses and lost wages, past, present and future, and impairment of earning capacity.

28. As a direct and proximate result of the unseaworthiness of the R/V ROGER REVELLE, and the resulting bodily injuries, pain and suffering, medical expenses, lost wages, and impairment of earning capacity of JUHASZ, JUHASZ is entitled to recover damages from

the UNITED STATES and/or SCRIPPS-UCSD and/or the REGENTS in sums to be determined, inclusive of interest and costs.

## THIRD CLAIM
### (Maintenance and Cure)

29. JUHASZ's employer, SCRIPPS-UCSD and/or THE REGENTS is required to provide JUHASZ prompt and adequate maintenance and cure, including unearned wages.

30. SCRIPPS-UCSD and/or THE REGENTS failed to provide adequate and prompt medical care to JUHASZ, resulting in the worsening of his condition when they arbitrarily refused to heed the advice of his treating physician that he be given immediate surgery. Instead of authorizing recommended surgery, they flew him home to Michigan to fend for himself, where he had no surgeon and was therefore forced to wait several weeks for an appointment. This delay resulted in the worsening of his condition.

31. The UNITED STATES and/or SCRIPPS-UCSD and/or THE REGENTS are liable for SCRIPPS-UCSD and/or THE REGENTS'S failure to provide maintenance and cure. JUHASZ will incur attorneys' fees and other necessary expenses in prosecuting his claim for maintenance and cure. These fees and expenses are necessary due to the failure of his employer to provide JUHASZ all of his maintenance and cure.

32. JUHASZ, because of his service to the R/V ROGER REVELLE, and his injuries sustained while in the service of that vessel, is entitled to recover from the UNITED STATES and/or SCRIPPS-UCSD and/or THE REGENTS, maintenance and cure from the time of his injury to maximum medical cure together with those attorney fees and expenses incurred in prosecuting his claims for maintenance and cure.

## FOURTH CLAIM
### (Ocean Research Vessels Act 46 U.S.C. § 50503)

33. Plaintiff hereby incorporates the above allegations and paragraphs herein and alternatively makes his claim pursuant to the Ocean Research Vessels Act 46 U.S.C. § 50503 et seq.

34. At all times material herein, JUHASZ was employed by SCRIPPS-UCSD and/or THE REGENTS as a crewmember of the R/V ROGER REVELLE, a vessel per 1 USC § 3, and engaging in research all around the world pursuant to contract between SCRIPPS-UCSD and/or THE REGENTS and the UNITED STATES which all owed a duty to JUHASZ to exercise reasonable care.

35. The UNITED STATES, by reason of the negligence of its agents, servants, employees, and the master of the vessel, and the negligence of SCRIPPS-UCSD and THE REGENTS, their agents, servants, employees, and the master of the vessel, was negligent in the following particulars, among others:

- m. by ordering Plaintiff to lift excessively equipment;
- n. by failing to provide adequate training and supervision;
- o. by failing to provide enough crewmembers for the task;
- p. by failing to provide adequate assistance for the task;
- q. by failing to provide a reasonably safe place to work;
- r. by failing to have proper and safe equipment for the task;
- s. by failing to provide proper safety measures and to promulgate and/or enforce proper safety and operating rules;
- t. failure to correct dangerous condition;
- u. by failing to exercise reasonable care under the circumstances;
- v. failure to take adequate precautions for safety;
- w. by failing to provide a seaworthy vessel fit for its intended use; and
- x. was negligent in such other particulars as shall be shown at a trial of this claim.

36. The negligence of the UNITED STATES and/or SCRIPPS-UCSD and/or the REGENTS was a direct and proximate cause of JUHASZ's injuries.

37. As a direct and proximate result of the negligence of the UNITED STATES, and/or SCRIPPS-UCSD and/or the REGENTS, JUHASZ suffered, and continues to suffer bodily injuries and permanent impairment and pain and suffering, past, present, and future, and has incurred medical expenses and lost wages, past, present and future, and impairment of earning capacity.

38. As a direct and proximate result of the negligence of the UNITED STATES, and/or SCRIPPS-UCSD and/or the REGENTS and the resulting bodily injuries, pain and suffering, medical expenses, lost wages, and impairment of earning capacity of JUHASZ, JUHASZ is entitled to recover damages from the UNITED STATES and/or SCRIPPS-UCSD and/or the REGENTS in a sum to be determined, inclusive of interest and costs.

WHEREFORE, Plaintiff prays for Judgment against the Defendant as follows:

1. For compensatory damages in an amount to be determined, based on

    a. past loss of earnings or earnings capacity to be determined, including past lost wages, subsistence and benefits;

    b. future loss of earnings or earning capacity to be determined, including lost benefits and wage increases;

    c. pain and suffering in an amount to be determined;

    d. loss of income due to early retirement in an amount to be determined;

    e. loss of ability to maintain household, etc. in an amount to be determined;

    f. future medical expense in an amount to be determined;

    g. unpaid maintenance in an amount to be determined; and

    h. unpaid expenses of cure.

    2.  For costs, including attorney fees for DEFENDANTS failure to provide prompt medical care;

    3.  For prejudgment and post judgment interest;

    4.  For such other and further relief as the Court deems just and proper.

Respectfully submitted
By his attorney,


 /s/ Thomas M. Bond_____
Thomas M. Bond, B.B.O. No. 546649
**THE KAPLAN/BOND GROUP**
265 Franklin Street, Suite 1702
Boston, MA 02110
(617) 261-0080
tbond@kaplanbond.com


Dated: 9/16/2024

Complaint for Damages      10