UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 24-12367-IT

**ROBERT JUHASZ**
    **Plaintiff**

v.

**THE UNITED STATES OF AMERICA;**
**THE REGENTS OF THE UNIVERSITY OF**
**CALIFORNIA**
    **Defendants**

### STIPULATED PROTECTIVE ORDER REGARDING
### CONFIDENTIAL INFORMATION

All Parties to this action stipulate and agree to the following Protective Order:

IT IS ORDERED AS FOLLOWS:

A. Definitions:

    a. "Action" or "Lawsuit" shall mean the above-captioned case *Robert Juhasz vs. The United States of America and The Regents of the University of California.*, C.A. No. 24-12367-IT.

    b. "Confidential Information" and/or "Sensitive Information" as used in this Stipulated Protective Order shall mean and encompass the following: all information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by counsel for the United States because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; (b) is material produced by or on behalf of the United States, including the United States Navy and the Office of Naval Research, and which is restricted insofar as the receipt, viewing, use of,

  possession, and dissemination of such documents and information, due to inclusion of sensitive and confidential information concerning the military, military operations, and national security, such sensitive and confidential information and materials to include, but not be limited to materials subject to U.S. export laws and regulations, the International Traffic in Arms Registration ("ITAR"), 22 C.F.R. § 120, *et seq.*, and National Defense Information (NDI) within the meaning of 18 U.S.C. § 793(d)-(f); and (c) otherwise considered confidential or proprietary information, including but not limited to any applicable bareboat charter party agreements.

c. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order;

d. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

e. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

f. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and to have treated as Confidential Information pursuant to this Protective Order.

    g. "Producing Party" shall mean the person or party producing in discovery in the Action.

    h. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B. Purpose. Scope. and Limitations of Protective Order

    a. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

    b. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Protective Order does not prohibit or absolve the parties from complying with such other obligations.

    c. This Protective Order shall not prejudice in a way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

    d. The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a

    violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

e. This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

f. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

g. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

h. This Protective Order applies to only disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

i. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve any party or person of his or her obligations under this Protective Order, which shall survive.

j. Any party may at any time seek modification of this Order by agreement or, failing agreement, by Conference with the Court.

C. Method for Designating Confidential Information

a. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

b. The designation of Confidential Information should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" above. Recognizing the significant burden such designation places on the Receiving Parties, the Producing Party will exercise due diligence to narrowly tailor any designation of Confidential Information to only those documents or portions thereof which it, in good faith, considers require such designation.

c. Documents containing "Confidential Information" and produced in discovery in this Action shall be designated as containing "Confidential Information." For Documents produced in paper or an electronic format that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL INFORMATION" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL INFORMATION" or similar designation. The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and

remain plainly labeled with "CONFIDENTIAL INFORMATION," or similar designation, unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

d. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each numbered interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL INFORMATION" or similar designation.

e. For depositions, designation of Confidential Information shall be made by letter from counsel within thirty [30] days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Confidential Information. Designations of confidentiality shall not be made on the record during a deposition. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced thirty [30] day period for designation, except that the deponent and any party to this action (and their counsel, if any) may review the transcript of his or her own deposition during the thirty [30] day subject to this Protective

      Order and the requirement of executing the certification attached as **Exhibit 1**. After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a. deposition transcript containing Confidential Information: "Confidential Information" or similar designation. If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled "Confidential Information" or similar designation.

  f.  For any other Document or item produced in discovery in this Action not falling within subparagraphs above, designation of Confidential Information shall be made by labeling the item or the item's container with CONFIDENTIAL INFORMATION. If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

  g.  If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information

D.  Challenging Confidential Information Designations

  a.  The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

    b. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within fourteen [14] calendar days after the Designating Party receives notice from the Challenging Party of its challenge. During the conferring process, the Challenging Party must convey the basis for each challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Receiving Party within thirty [30] calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

    c. If the Designating Party decides to withdraw its designation, it shall give notice of its withdrawal to all Parties.

    d. If the Challenging and Designating Parties cannot come to a resolution within the· time set forth above, or as otherwise agreed, either Party must first request a conference with the Court before filing any motions.

    e. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

E. Disclosure. Use. and Handling of Confidential Information

    a. A Receiving Party may use Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and

      shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

b. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and to secure distribution of Confidential Information.

c. Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

    i. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    ii. Current employees of the Parties, and their agents and underwriters who are assisting with respect to this Action;

    iii. Any person with prior authorized access to the Confidential Information;

    iv. Current employees of the Producing Party;

    v. Deponents, including their counsel;

    vi. Court reporters and other persons not employed by this Court, retained to record or to transcribe testimony or argument at interviews or depositions in connection with this Action;

    vii. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

      viii. Expert witnesses and consultants;

      ix. Mediators or arbitrators; and

      x. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

d. Disclosure to the persons referenced in subsections (E)(c)(i)-(ii) and (v.-viii) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed the **Certification** in **Exhibit 1.**

e. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

f. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under seal or in camera in accordance with the Court's rules and procedures and (2) redacted from any filing that is publicly available. The Parties shall work together to accommodate any reasonable extensions of time requested by the filing party to accommodate issues with respect to filing under seal.

g. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party

and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that (a) the Designating Party does not object to the production of the Confidential Information or (b) the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

 h. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven [7] days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

F. Inadvertent Production of Confidential Information

 a. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

 b. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party

shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing the **Certification** in **Exhibit 1**; and (c) within five [5] calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G. Disposition of Documents Containing Confidential Information

   a. Except as provided in this Protective Order, within ninety [90] days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either (a) to destroy or to delete all items designated as Confidential Information or (b) to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the

    normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

b. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

c. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.

d. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

    e.  In particular, after final disposition of this Action, the Designating Party shall continue to maintain and shall not destroy or delete all items previously designated as Confidential Information for a period of four [4] years.

    f.  In addition, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

IT IS SO ORDERED.

Dated: _____

                                                                Honorable Judge Indira Talwani
                                                                United States District Court
                                                                District of Massachusetts

THE PARTIES, BY AND THROUGH THEIR COUNSEL BELOW, STIPULATE TO ENTRY OF THIS ORDER:

Dated: February 13, 2025

**DEFENDANT,**
**UNITED STATES OF AMERICA**

LEAH BELAIRE FOLEY
United States Attorney

MARK SAUTER
Assistant United States Attorney

JESSICA L. MCCLELLAN
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
175 N St. NE (11th Floor)
Washington, D.C. 20002
(202) 640-4022 (office)
(202) 616-4002 (fax)
jessica.l.mcclellan@usdoj.gov

*Attorneys for the United States*

**Of counsel to the United States**

*/s/ Kirby L. Aarsheim*
Kirby L. Aarsheim
BBO # 678774
FARRELL SMITH O'CONNELL
AARSHEIM APRANS, LLP
27 Congress St., Suite 508
Salem, MA  01970
(978) 744-8918
kaarhseim@fsofirm.com

**DEFENDANT,**
**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**

*/s/ Kirby L. Aarsheim*
Kirby L. Aarsheim
BBO # 678774
Parker T. Zellem
BBO #713827

15

                                        FARRELL SMITH O'CONNELL
                                        AARSHEIM APRANS, LLP
                                        27 Congress St., Suite 508
                                        Salem, MA  01970
                                        (978) 744-8918
                                        kaarhseim@fsofirm.com

Dated: February 13, 2025                **PLAINTIFF,**
                                        **ROBERT JUHASZ**

                                        */s/ Thomas M. Bond*
                                        Thomas M. Bond, B.B.O. No. 546649
                                        **THE KAPLAN/BOND GROUP**
                                        265 Franklin Street, Suite 1702
                                        Boston, MA 02110
                                        (617) 261-0080
                                        tbond@kaplanbond.com

                                        *Pro Hac Vice Counsel:*

                                        */s/ Lia T. Marks*
                                        Lyle C. Cavin, Jr.
                                        Lia T. Marks
                                        Law Offices of Cavin & Marks
                                        11 Embarcadero West, Suite 134
                                        Oakland, CA 94607
                                        Ph: (510) 444-2501
                                        Fx: (510 444-4209

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 13, 2025.

                                        "/s/ Kirby L. Aarsheim"
                                        Kirby L. Aarsheim