UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT JUHASZ,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 1:24-cv-12367-IT |

MEMORANDUM & ORDER

November 24, 2026

TALWANI, D.J.

Pending before the court is Defendants Regents of the University of California ("Regents") and the United States of America's Motion to Strike Declarations of Witnesses Chandler Chamberlin, Suzanne Swader, Harry Smith, and Joseph Brown ("Motion to Strike") [Doc. No. 72]. Defendants ask the court to strike four declarations submitted by Plaintiff Robert Juhasz in opposition to Defendants' Motion for Partial Summary Judgment [Doc. No. 56]. Defendants contend that Plaintiff did not disclose the witnesses prior to summary judgment briefing and that the late disclosure was without justification. Mem. ISO Mot. to Strike 4, 6 [Doc. No. 73].

## I. Background

This suit for negligence under the Jones Act, 46 U.S.C. § 30104, unseaworthiness under general maritime law, and maintenance and cure arises out of an injury sustained by Juhasz while working for the Regents onboard the R/V ROGER REVELLE ("ROGER REVELLE" or the "Vessel"), a research vessel owned, constructed, and designed by the United States.

In his initial disclosures, under "persons likely to have discoverable information[,]" Plaintiff listed, "[i]n addition to Plaintiff and to persons named by Defendant in its disclosure, . . . Crewmembers of the Roger Revelle; . . . [and] . . . agents of Defendant, i.e., claims handlers, nurse case managers, and other employees." Mem. ISO Mot. to Strike, Ex. 1 at ECF 1–2 [Doc. No. 73-1]. Plaintiff did not list any of the four declarants by name. See id.

In their initial disclosures, Defendants identified Suzanne Swader and Joseph Brown as "persons likely to have discoverable information[,]" and identified them, along with 15 others, as "[t]he . . . individuals [who] served onboard R/V ROGER REVELLE on or about September 20, 2022 [the date of the incident], or otherwise have information concerning the vessel[.]" Opp'n to Mot. to Strike Ex. A, at ECF 5–7 [Doc. No. 79-1]. Defendants did not identify Chandler Chamberlin and Harry Smith in their disclosure. Id.

In Plaintiff's Response to Defendants' Interrogatories, Set One, when asked to "identify . . . those persons likely to have discoverable information concerning the alleged [i]ncident . . ." Plaintiff stated, inter alia, "the individuals disclosed in Plaintiff and Defendant's Initial Disclosures." See Mem. ISO Mot. to Strike Ex. 1, at ECF 7 [Doc. No. 73-1].

None of the four declarants were deposed during fact discovery, which closed on September 12, 2025, see Scheduling Order [Doc. No. 29], and Defendants contend (and Plaintiff does not dispute) that none of the individuals were mentioned in any fact witness depositions. See Mem. ISO Mot. to Strike 3 [Doc. No. 73].

On June 5, 2026, Defendants filed their Motion for Partial Summary Judgment [Doc. No. 56], in which they asserted that they had received no formal complaints concerning the alleged unsafe condition prior to Plaintiff's injury. See Mem. ISO Mot. for Partial Summ. J. 13 [Doc. No. 58]; Def. Statement of Uncontested Material Facts ¶ 7 [Doc. No. 57]. Plaintiff's counsel

reports that she then “contacted lower level employee crewmembers of the R/V/ ROGER REVELLE that were identified by Defendants in their Rule 26 Disclosures as having knowledge[]” and that “[t]hese interviews led to the discovery of additional employee crewmembers who also came forward and indicated that they had also made complaints about the area.” Decl. of Counsel ISO Opp’n to Mot. to Strike 2–3 [Doc. No. 79-1].

On July 24, 2026, Plaintiff filed his Memorandum in Opposition to Defendants’ Motion for Partial Summary Judgment [Doc. No. 67], which included declarations from Chandler Chamberlin, Suzanne Swader, Harry Smith, and Joseph Brown. See Opp’n to Mot. for Partial Summ. J. Exs. I-L [Doc. Nos. 67-9–67-12]. Each declaration represents that the individual either currently is or was employed by Defendant aboard the ROGER REVELLE, made complaints to officers or other supervisors regarding the safety of the catwalk area, and knew that the catwalk area was a hazard. See generally id. Plaintiff thereafter served Supplemental Response to the Defendants’ Interrogatories and Supplemental Response to Requests for Production of Documents identifying the four witnesses and formally producing the declarations that by then had been filed as exhibits to Plaintiffs’ summary judgment opposition. See Mem. ISO Mot. to Strike Ex. 2 [Doc. No. 73-2].

Plaintiff’s counsel subsequently offered to re-open discovery “for the limited purpose of allowing Defendant to depose the witnesses regarding the contents of their declarations.” Decl. of Counsel ISO Opp’n to Mot. to Strike ECF 3 [Doc. No. 79-1].

On August 14, 2026, Defendants moved to strike the four declarations, contending that they are barred under Federal Rule of Civil Procedure 26 because the witnesses were not identified until after the close of discovery and the late disclosure is not substantially justified or harmless. See Mot. to Strike [Doc. No. 72]; Mem. ISO Mot. to Strike [Doc. No. 73].

## II. Discussion

### A. *Standard of Review*

Federal Rule of Civil Procedure 26 requires a party to "provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Harriman v. Hancock Cnty., 627 F.3d 22, 29 (1st Cir. 2010) (quoting Fed. R. Civ. P. 26(a)(1)(A)(i)). Rule 26's obligation is a continuing one that requires a party to promptly supplement its disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to make the required disclosures under Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### B. *Declarations of Swader and Brown*

As a threshold matter, the court must determine whether a Rule 26 violation occurred at all as to Swader and Brown. Plaintiff contends that these two witnesses were disclosed prior to the summary judgment briefing, pointing to Defendants' own Initial Disclosures, which explicitly identified Suzanne Swader and Joseph Brown. See Opp'n to Mot. to Strike 4 [Doc. No. 79]; id. Ex. A, at 1 [Doc. No. 79-1]. Plaintiff argues that their disclosure nullifies a potential Rule 26 violation as to Swader and Brown because it makes them "known to other parties during the discovery process" pursuant to Rule 26(e)(1)(A).

Courts in the First Circuit have allowed witness testimony under Rule 26(e)(1)(A) in a range of scenarios. See Pina v. Children's Place, 740 F.3d 785, 793 (1st Cir. 2014) (allowing affidavit by witness not formally disclosed under Rule 26(a) but identified through record

evidence and deposition testimony); Cornelius-Millan v. Caribbean Univ., Inc., 261 F. Supp. 3d 143, 146 n.2 (D.P.R. 2016) (allowing affidavit authored by witness not disclosed under Rule 26(a) but "revealed during [the plaintiff's] deposition[]"); Priscilla Seda-Rodríguez, et al., v. Centro Médico Episcopal San Lucas Ponce, Inc., No. 23-1207 (ADC), 2026 WL 2969689, *8 (D.P.R. Sep. 30, 2026) (allowing witness identified only in interrogatory response and finding that "the Rules are not so rigid as to call for mandatory exclusion in every case[]"); Omori v. Brandeis Univ., No. 20-11021-NMG, 2022 WL 10480076, *1 (D. Mass. Oct. 18, 2022) (allowing affidavit where author was identified only in interrogatory response).

Here, Defendants' initial disclosures identified Swader and Brown by name, telephone number, and address as having potentially discoverable evidence. See Opp'n to Mot. to Strike Ex. A, at ECF 7 [Doc. No. 79-1]. In turn, Plaintiff's initial disclosures specifically listed all "persons named by Defendant in its disclosure[.]" Opp'n to Mot. to Strike Ex. B, at ECF 10 [Doc. No. 79-1]. Plaintiff's Response to Defendants' Interrogatories, Set One, also pointed to "the individuals disclosed in Plaintiff and Defendants' Initial Disclosures." See Mem. ISO Mot. to Strike Ex. 1, at ECF 7 [Doc. No. 73-1].

Plaintiff's disclosure and responses were problematic where Plaintiff did not provide the names of the specific witnesses. But Defendants' remedy for Plaintiff's imprecise answer was a motion to compel further responses, not a claim of unfair surprise when Plaintiff relied upon evidence that Defendants themselves identified. The court therefore finds no violation of Rule 26 where Swader and Brown were known to Defendants throughout discovery, and Defendants did not challenge Plaintiff's vague interrogatory response. Accordingly, the court denies Defendants' Motion to Strike [Doc. No. 72] as to the declarations of Swader and Brown.

C. *Declarations of Chamberlin and Smith*

Plaintiff further argues that because his initial disclosures listed "crewmembers of the RV ROGER REVELLE" and "employees of defendants," the disclosures encompassed all four declarants. Opp'n. to Mot. to Strike 5 [Doc. No. 79]. Rule 26, however, requires more precision. The Rule specifies that parties must provide not just broad categories of potential witnesses, but "the name and, if known, the address and telephone number of each individual likely to have discoverable information[.]" Fed. R. Civ. P. 26(a). The court therefore finds that Plaintiff's initial disclosures did not include Chamberlin and Smith.

Plaintiff ultimately supplemented his interrogatory and request for production responses to formally encompass all four declarants, including Chamberlin and Smith, see Mem. ISO Mot. to Strike Ex. 2 [Doc. No. 73-2], long after the close of fact discovery and more than two months after Defendant initially moved for summary judgment. Plaintiff contends that, although belated, this supplementation provided time for Defendants to depose the declarants or seek an extension of time to file their reply pending such a deposition. Opp'n. to Mot. to Strike 8 [Doc. No. 79].

Defendant argues that this late supplementation is irrelevant, because the harm was effectively solidified by the absence of disclosure before fact discovery ended: "Defendants did not have the opportunity to depose the witnesses or provide information concerning those witnesses to their liability expert as well as other steps needed to rebut the late disclosed evidence for assessment prior to moving for summary judgment." Mem. ISO Mot. to Strike 7 [Doc. No. 73]. Defendants are correct. Although they may have had the opportunity to seek leave from the court to re-open fact discovery, further delay the case schedule, and incur additional costs deposing the declarants and re-fashioning their summary judgment arguments, that is far from harmless. Defendants were entitled to develop their initial summary judgment motion based on the evidence disclosed during fact discovery. They crafted arguments, decided on points of

emphasis, and built a litigation strategy based on a specific universe of evidence, and were therefore harmed by the late disclosures amid summary judgment briefing.

Defendants further contend that "there is no justification for Juhasz's late disclosure" of the witnesses. Mem. ISO Mot. to Strike 6 [Doc. No. 73]. In response, Plaintiff argues that the untimely disclosure "was substantially justified by Defendants' pleading admissions and omissions." Opp'n to Mot. to Strike 6 [Doc. No. 79]. In essence, Plaintiff contends that Defendants raised as an affirmative defense that the injury was caused by a "known, open, and obvious" condition aboard the Vessel and did not proffer their lack of notice theory until moving for summary judgment, that Plaintiff thus understood that Defendants were effectively conceding notice under the Jones Act, and that Plaintiff therefore "had absolutely no legal or factual reason to extract the names of individuals who complained about the unsafe conditions until the issue was raised by Defendants' Motion for Summary Judgment." Id. at 6-7.

But each Defendant also raised as an affirmative defense that "Defendant had no actual or constructive notice of any alleged dangerous condition." Regents' Answer to Pl.'s Am. Compl. for Damages ECF 7 [Doc. No. 18]; United States's Answer to Pl.'s Am. Compl. for Damages ECF 8 [Doc. No. 19]. Notice is a key component of a Jones Act negligence claim, and Plaintiff was not substantially justified in waiting until Defendants filed their summary judgment motion to consider pursuing facts regarding the issue. The delay in identifying witnesses to speak to notice was therefore not substantially justified.

Because the delay in disclosing Chamberlin and Smith as witnesses was not substantially justified and harmed Defendants by introducing new evidence and arguments after they moved

for summary judgment, the court grants Defendants' Motion to Strike [Doc. No. 72] as to the declarations of Chamberlin and Smith.[1]

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Strike [Doc. No. 72] is GRANTED as to the Declarations of Chamberlin and Smith and DENIED as to the Declarations of Swader and Brown.

IT IS SO ORDERED.

November 24, 2026

/s/ *Indira Talwani*
United States District Judge

[1] Defendants also request that the court preclude Plaintiff from calling these witnesses to testify at trial. Mot. to Strike 2 [Doc. No. 72]. That request is denied without prejudice.